UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALVAREZ, SR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YOSEMITE NATIONAL PARK, et al.,<br><br>　　　　Defendants. | Case No.  1:22-CV-1228-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. 7) |

　　　John Alvarez Sr. brought this action in Mariposa County Superior Court for injuries he incurred while visiting the Badger Pass Ski Area located in Yosemite National Park. Yosemite Hospitality, LLC and Aramark Corporation (collectively, the "Aramark Defendants") removed the action to this Court. Plaintiff filed the instant motion to remand, arguing that removal was untimely. (Doc. 7.) For the reasons discussed below, Plaintiff's motion to remand the action is **DENIED**.

## BACKGROUND

　　Alvarez filed a Complaint for General Negligence and Premises Liability in the Mariposa County Superior Court on January 10, 2022 for injuries he incurred after slipping on black ice in the Badger Pass Ski Area in Yosemite National Park. Alvarez alleges that he "sustained a permanent brain injury" from the incident, which he claims was "the result of Defendants' failure to maintain the parking lot in a safe manner". (Doc. 1 at 14.) Yosemite Hospitality, LLC was

1  personally served a copy of the Complaint, Summons, Civil Case Cover Sheet, and a Mariposa
2  County Superior Court Alternative Dispute Resolution Information Guide on August 24, 2022.
3  (Doc. 1 at 3.)  The Aramark Defendants then removed the action on September 26, 2022 on
4  grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (*See* Doc. 1 at
5  3–8.)  Alvarez moves to remand the action on the grounds that removal impermissibly occurred
6  more than 30 days after service of the Complaint.  (Doc. 7.)

## LEGAL STANDARD

A defendant may remove a civil case from state court to federal court if the action (1) presents federal question or (1) if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  28 U.S.C. §§ 1331, 1441.  Defendants "must file a notice of removal within one of two thirty-day periods established under 28 U.S.C. § 1446(b)."  *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *3 (C.D. Cal. Aug. 1, 2014) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).  "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face."  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010)).  "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained."  *Id.* (quoting § 1446(b)).

The statute does not define "removable."  *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  Although every complaint is either capable of being removed or not, courts do not treat the concept as a strict dichotomy for the purpose of assessing timeliness.  Rather, some pleadings are "indeterminate" in the sense that the face of the complaint does not make clear whether the required jurisdictional elements are present.  *Harris*, 425 F.3d at 693.  To avoid saddling defendants with the burden of investigating jurisdictional facts, the Ninth Circuit has held that "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."  *Id.* at 695.

///

2

## ANALYSIS

The Aramark Defendants concede that they removed this action more than 30 days after being served with the operative documents; however, they contend that their timing is permissible because the operative complaint was not removable on its face. Specifically, they contend that "the Complaint is completely silent as to the domicile of any parties," such that the Aramark Defendants had to "perform[] their own investigation and research" to confirm diversity between the parties. (Doc. 11 at 2; Doc. 1 at 27, Ex. E.) The attorney for the Aramark Defendants attests that on September 23, 2022, he conducted a search related to the plaintiff's residency and determined that he was resident of California during the period when the plaintiff claims to have suffered the injury. *(*Doc. 11-1 at 1)

The Complaint also lacks a specific amount in controversy, but Defendants "ma[d]e their own assumptions that the amount in controversy exceeds the minimum threshold" from the description of Alvarez's injuries. (Docs. 1 at 6; 11 at 4.) Alvarez does not appear to contest any of these facts.[1]

The Ninth Circuit has been clear that courts should "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Harris*, 425 F.3d at 695. Defendants are not required to conduct any inquiries with respect to an indeterminate paper, and a defendant's subjective knowledge is not determinative. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

Having reviewed the documents served to the Aramark Defendants, the Court agrees that the documents did not make removability sufficiently clear so as to trigger the thirty-day removal period. As such, removal was timely.

///

---

[1] The Court accepts the Aramark Defendants' estimate that the amount in controversy exceeds $75,000 because Alvarez has not challenged the amount and Defendants' removal notice properly included a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (noting that a defendant's amount in controversy should be accepted when not contested by the plaintiff or questioned by the court).

**CONCLUSION**

For the reasons described above, Plaintiff Alvarez's motion to remand the action for untimely removal, (Doc. 7), is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 27, 2022**

UNITED STATES DISTRICT JUDGE